22-08/PJG/LJK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
INDUSTRIAL CARRIERS INC.,

        **07 CV 7937 (RMB)**

        Plaintiff,

    -against-

DAYTON COMMERCIAL LIMITED a.k.a.
GALVANIZED STEEL CONSUMERS
ASSOCIATION a.k.a. GSCA a.k.a. GSCA
LIMITED a.k.a. TOP UNION,

        Defendants.

-------------------------------------------------------x

**MEMORANDUM OF LAW OF INTERESTED PARTY
TOP UNION (CHINA) LTD.
<u>IN SUPPORT OF APPLICATION FOR VACATURE OF ATTACHMENT</u>**

FREEHILL HOGAN & MAHAR, LLP
Attorneys for Interested Party
Top Union (China) Limited
80 Pine Street
New York, NY  10005
(212) 425-1900
(212) 425-1901 fax

<u>Of Counsel</u>
Peter J. Gutowski (PG 2200)
Lawrence J. Kahn (LK 5215)

## PRELIMINARY STATEMENT

This Memorandum of Law is respectfully submitted on behalf of interested party Top Union (China) Ltd. ("Top Union China") in support of its application pursuant to Rule E(4)(f) for immediate vacature of the attachment of its funds and for recovery of its attorneys fees and costs in making the instant application. For the reasons that follow, it is plain that the funds should be released because Top Union China is not a proper party, had no involvement whatever in the dispute between any of the entities involved, including Plaintiff Industrial Carriers Inc. ("ICI") and Defendant Dayton Commercial Ltd. ("Dayton"), and its funds have been wrongfully restrained in a case of mistaken identity.

## BACKGROUND

The background facts to the dispute between Plaintiff ICI and Defendant Dayton are not particularly relevant to this motion, with the exception of the nature of the underlying charter contract upon which ICI sues Dayton. That charter involved the shipment of steel, and Dayton was the charterer.

ICI alleged in its complaint it had a maritime claim against Dayton and sought an attachment of Dayton's property pursuant to Rule B. ICI later amended its complaint, naming several additional entities as aliases of Dayton, including but not limited to an entity called "Top Union". It appears that "Top Union" was added as an alias on the basis that Dayton or its principals had previously chartered other vessels in the name of another company called "Top Union" and Plaintiff alleged that Top Union and the other parties identified are simply aliases of Dayton. All of these previous charters, like the subject charter, involve the shipment of steel products. The Movant Top Union China

whose funds have been restrained has never so much as chartered a ship, let alone have any involvement in the shipment of steel. Their funds have wrongfully been restrained in a case of mistaken identity and they should be immediately released.

To avoid repetition, the Court is respectfully referred to the accompanying Huang Declaration which illustrates the complete lack of connection between the party whose funds have been frozen and the parties allegedly involved with Dayton.

ICI, however, has refused or otherwise failed to release Top Union China's property. The restraint is wrongful and the funds should be released without any further delay, and Top Union China should be awarded interest, costs and its reasonable attorneys fees in connection with securing the vacature of its funds in this action.

## ARGUMENT

### Point I

### THE BURDEN OF PROOF IS ON PLAINTIFF TO DEMONSTRATE WHY THE ATTACHMENT SHOULD NOT BE VACATED; IN THE ABSENCE OF SUCH DEMONSTRATION, THE ATTACHMENT MUST BE VACATED

An order of maritime attachment and garnishment under Rule B is issued upon a minimal *prima facie* showing, which is typically made *ex parte*. Once property has been restrained, though, "any person claiming an interest" in the attached *res* may request a hearing in order to seek to have the attachment vacated or request other relief. T&O Shipping, Ltd. v. Lydia Mar Shipping Co. S.A., 415 F.Supp.2d 310, 313 (S.D.N.Y. 2006). Rule E(4)(f), under which the applicant herein moves for vacature of the attachment, provides clearly that the burden of proof rests with the Plaintiff in

demonstrating why the attachment should not be vacated. If the Plaintiff fails to meet this burden, then the attachment *must* be vacated. Rule E(4)(f) provides as follows:

> Whenever property is arrested or attached, any person claiming an interest in it shall be entitled to a prompt hearing at which *the plaintiff shall be required to show why the arrest or attachment should not be vacated* or other relief granted consistent with these rules.

(Emphasis supplied.) A long line of consistent case law upholds the clear meaning of this rule, confirming that the burden of proof rests squarely with the plaintiff to demonstrate why the attachment should be maintained must result in vacature. Interpretations of Rule E(4)(f) are unanimous in holding that the burden of sustaining the attachment rests squarely with the plaintiff. *See, e.g.,* Bay Casino, LLC v. M/V ROYAL EMPRESS, 5 F.Supp.2d 113, 125 (E.D.N.Y. 1998); Ullises Shipping Corp. v. FAL Shipping Co. Ltd., 415 F.Supp.2d 318 (S.D.N.Y. 2006).

Rule E does not specify what form the post-attachment hearing must follow and the nature and scope of the hearing depends upon the issues in controversy. Salazar v. The Atlantic Sun, 881 F.2d 73, 79 (3d Cir. 1989); Linea Naviera de Cabotaje, C.A. v. Mar Caribe de Navigacion, C.A., 169 F.Supp.2d 1341, 1357-59 (M.D.FL. 2001) ("Rule E does not restrict review [at the post attachment hearing] to the adequacy of the allegations in the complaint, nor does it echo the standards of the initial attachment that conditions appear to exist; rather Rule E requires plaintiff...to show why the attachment should not be vacated").

Here, Plaintiff ICI cannot meet its burden of showing why the attachment should be maintained with respect to the attached funds, and accordingly the attachment must be vacated.

## Point II

## THE PARTY WHOSE FUNDS HAVE BEEN RESTRAINED IS NOT THE "TOP UNION" ENTITY WHICH ICI IDENTIFIES AS A SUPPOSED ALIAS OF DAYTON

It is axiomatic that only the property of the Defendant can be restrained.  Leaving aside, for the moment, the issue whether ICI has properly pled and supported a basis upon which to pursue the entities which it describes as aliases or so-called "a.k.a.'s" (the sole support for this is a mere sentence in the amended complaint), in order for it to restrain funds of those other entities it must demonstrate that the restrained funds belong to the *proper* a.k.a.  Here, ICI has restrained the funds of a completely unrelated entity to the Top Union they apparently think is involved with Dayton.

In support of this, Movant refers to the accompanying Huang Declaration which demonstrates that the Chinese entity whose funds have been restrained has nothing whatsoever to do with any of the defendants and has never shipped steel.  Instead of repeating the content of that declaration, the Court is respectfully referred to it as the factual basis upon which the Movant asserts that this is a case of mistaken identity.  *See* Huang Declaration.

It goes without saying that asking a party to prove a negative is difficult in the sense that it has no documents to demonstrate its lack of connection with these entities because it has no such connection.  Of interest, however, is the fact that a review of the Hong Kong corporate registry shows that there are in excess of 50 corporate entities (active and dissolved) whose names begin with the names "Top Union" (*see* Gutowski Affirmation and Exhibit) and it is clearly ICI's burden to show that it has frozen funds of an appropriate party.  The incorporation of just two words ("Top Union") was far too

broad a description of this supposed alias and it has resulted in an inappropriate and wrongful seizure of an innocent party's funds.

As illustrated in the accompanying Huang Declaration, Top Union China is not even involved in the shipping business, let alone the shipment of steel. *See* Huang Declaration ¶7, 9, 16, 20, 33. As outlined above, the contract with Dayton involved the shipment of steel. Similarly, the previous contracts which ICI alleges were performed by Dayton using some other alias (such as Top Union), also involved steel shipments. To the extent they have captured the funds of one of the other 50-odd Chinese corporations with a similar name, but which has no involvement in steel shipments whatsoever, reinforces the wrongfulness of the attachment and the unfairness which has been visited as a consequence of ICI's use of an over-broad description of one of the supposed aliases of its Defendant.

The funds should be released immediately.

## CONCLUSION

For all the foregoing reasons, Top Union China's funds should be released immediately and Top Union China should be awarded its interest, costs and attorneys fees in connection with this application.

Dated: New York, New York
         January 24, 2008

                              Respectfully submitted,

                              FREEHILL HOGAN & MAHAR, LLP
                              Attorneys for Interested Party
                              Top Union (China) Limited

                    By: _____
                              Peter J. Gutowski (PG 2200)
                              Lawrence J. Kahn (LK 5215)
                              80 Pine Street
                              New York, NY  10005
                              (212) 425-1900
                              (212) 425-1901 (fax)