USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/5/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
INDUSTRIAL CARRIERS, INC.,

                Plaintiff,

       -against-

DAYTON COMMERCIAL LIMITED a.k.a.,
GALVANIZED STEEL CONSUMERS
ASSOCIATION a.k.a. GSCA a.k.a. GSCA
LIMITED a.k.a. TOP UNION,

                Defendants.
------------------------------------------------------------X

07 Civ. 7937 (RMB)

**ORDER**

**I.**    **Background**

On or about September 25, 2007, Industrial Carriers, Inc. ("Plaintiff") filed an amended complaint ("Complaint") against Dayton Commercial Limited a.k.a. Galvanized Steel Consumers Association a.k.a. GSCA a.k.a. GSCA Limited a.k.a. Top Union (collectively, "Defendants"), alleging that Defendants breached a February 1, 2007 charter party agreement and, thereby, caused $898,748.74 in damages. (Complaint at 6–8.) On September 26, 2007, the Court ordered that process of maritime attachment be issued pursuant to Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure ("Rule B"). (Order, dated Sept. 26, 2007.)

On or about January 25, 2008, "interested party" Top Union (China) Ltd. ("Top Union") filed an order to show cause, along with a Declaration by Huang Liangjin, Assistant to the Director of Top Union (China) Ltd., seeking to vacate the maritime attachment pursuant to Rule E of the Supplemental Rules of Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure ("Rule E"). Top Union argues that "the party whose funds have been restrained

1

is not the 'Top Union' entity which [Plaintiff] identifies as a supposed alias of Dayton." (Top Union Mem. of Law, dated Jan. 24, 2008 ("Top Union"), at 4.)

On or about February 6, 2008, Plaintiff opposed Top Union's application to vacate ("Opposition"), arguing that "the attached funds belong to the Top Union named" in the Complaint. (Opp. at 3.) On or about February 28, 2008, Top Union filed a reply brief ("Reply").

On March 5, 2008, the Court held a post-attachment hearing pursuant to Rule E. (See Hearing Transcript, Mar. 5, 2008.)

**For the reasons stated below, Top Union's motion to vacate is denied.**

II. **Legal Standard**

Rule B is "a relatively broad maritime attachment rule, under which the attachment is quite easily obtained," and a maritime attachment "may be vacated only in certain limited circumstances." Aqua Stoli Shipping Ltd. v. Gardner Smith Pty. Ltd., 460 F.3d 434, 443-45 (2d Cir. 2006). At a Rule E hearing to determine whether an attachment should be vacated, a plaintiff "does not . . . bear the burden of proving the merits of its claim," but "is to produce evidence sufficient to show that the [attachment] was supported by reasonable grounds." See Thypin Steel Co. v. Certain Bills of Lading, No. 96 Civ. 2166, 1996 WL 223896, at *4 (May 2, 1996 S.D.N.Y.).

III. **Analysis**

Plaintiff argues, among other things, that the underlying charter party agreement states that "Dayton Commercial Limited made its last two charters (the M/V MANAS and the M/V NAVIOS HERACLES) using the name Top Union"; "an Infospectrum Report dated December 6, 2007 [] confirms that [Top Union (China) Ltd.] was the charterer of the M/V MANAS"; and

"the Letter of Indemnity in the MANAS charter was provided for and signed on behalf of . . . Top Union (China) Ltd." (Opp. at 4, 6.)

Top Union argues, among other things, that "Plaintiff's entire case rests on . . . unproven statements . . . that the contracting party, Dayton, had performed two prior charters under the name 'Top Union'—which is not true," and "a forged document that purports to be a Letter of Indemnity issued by Top Union China." (Reply at 7.)

Preliminary evidence that Top Union may be an alias of Dayton and that Top Union chartered the MANAS is sufficient for Defendants to have "a property interest in the [attached funds] sufficient to render it attachable under Rule B." See Essar Int'l Ltd. v. Martrade Gulf Logistics, No. 07 Civ. 3439, 2007 WL 2456629, at *2–3 (S.D.N.Y. Aug. 23, 2007). At this stage, Plaintiff does not necessarily provide "conclusive evidence," but "has met its burden of showing reasonable grounds for attaching [Top Union's] assets." See Ullises Shipping Corp. v. FAL Shipping Co. Ltd., 415 F. Supp. 2d 318, 326 (S.D.N.Y. 2006).

### IV. Conclusion and Order

For the reasons stated herein, Top Union's motion to vacate is denied.

The parties are directed to complete any discovery within 90 days hereof and to resolve any discovery disputes with Magistrate Judge Henry B. Pitman.

Dated: New York, New York
March 5, 2008

_RMB_
RICHARD M. BERMAN, U.S.D.J.